UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES M. WORNICK and KAREN J. WORNICK,

                Appellants,

        -vs-                                                06-CV-421C

THOMAS GAFFNEY,

                Respondent/Trustee.

---

In this bankruptcy appeal, filed pursuant to 28 U.S.C. § 158(a)(1), appellants James M. Wornick and Karen J. Wornick seek review of an order of United States Bankruptcy Judge Michael J. Kaplan, entered on May 26, 2006 in Chapter 7 Bankruptcy case No. 05-92936MJK, sustaining an objection by Trustee Thomas J. Gaffney, Esq., to the Wornicks' claim of exemption for the cash surrender value of certain life insurance policies. For the following reasons, the order is affirmed.

## **BACKGROUND**

The factual background of this case is undisputed and uncomplicated. On October 15, 2005, the Wornicks filed a joint petition as spouses for bankruptcy protection under Chapter 7. At the time the petition was filed, the Wornicks owned between them four life insurance policies issued by Thrivent Financial for Lutherans, with cash surrender value as follows:

| Policy No. | Purchased By | Beneficiary | Cash Surrender Value |
|---|---|---|---|
| 06461637 | James Wornick | Karen Wornick | $5,050.50 |
| 000702523 | James Wornick | Karen Wornick | 258.54 |
| 000766968 | James Wornick | Karen Wornick | 649.55 |
| 07544474 | Karen Wornick | James Wornick | 9,190.95 |

The Wornicks claimed an exemption from bankruptcy administration for each policy, as allowed by section 522(b)(2) of the Bankruptcy Code, 11 U.S.C. § 522(b)(2), and as implemented by state law under N.Y. Debtor and Creditor Law § 282 and N.Y. Insurance Law § 3212. As Chapter 7 Trustee for the Wornicks' bankruptcy estate, Mr. Gaffney objected to these claims.

In his order of May 26, 2006, Judge Kaplan sustained the Trustee's objection "for the reasons stated on the record," and ordered the Wornicks to turn over to the Trustee "all cash surrender values as shall have existed in the policies" (Item 1, Attachment 1). This appeal followed.

## DISCUSSION

Since the facts are undisputed, the district court reviews the bankruptcy court's conclusions of law *de novo*. *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995); *Teufel v. Schlant*, 2002 WL 33008689 (W.D.N.Y. September 25, 2002).

As discussed by Judge Skretny in the *Teufel* decision, New York State has established its own list of exemptions from bankruptcy administration in accordance with the Bankruptcy Code, which are set forth in N.Y. Debtor and Creditor Law § 282. Section 282 creates an exemption for "insurance policies and annuity contracts and the proceeds

and avails thereof," as outlined in N.Y. Insurance Law § 3212.  The provisions of section 3212, pertinent to this appeal, are as follows:

> (a)(1)  The term 'proceeds and avails', in reference to policies of life insurance, includes death benefits, accelerated payments of the death benefit or accelerated payment of a special surrender value, cash surrender and loan values . . . .
>
> . . .
>
> (b)(1)  If a policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable otherwise to a third person, such third person shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance.
>
> (2)  If a policy of insurance has been or shall be effected upon the life of another person in favor of the person effecting the same or made payable otherwise to such person, the latter shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person insured. If the person effecting such insurance shall be the spouse of the insured, he or she shall be entitled to the proceeds and avails of such policy as against his or her own creditors, trustees in bankruptcy and receivers in state and federal courts.

N.Y. Ins. Law § 3212.

Reconciling a conflict that had developed among the Bankruptcy Judges in the Western District of New York (*compare In re Mata*, 244 B.R. 580 (Bankr. W.D.N.Y. 1999) (Kaplan, J.), *and In re Jacobs*, 264 B.R. 274 (Bankr. W.D.N.Y. 2001) (Kaplan, J.), *with In re Polanowski*, 258 B.R. 86 (Bankr. W.D.N.Y. 2001) (Bucki, J.), *and In re Hickson*, No. 00-20130 (Bankr. W.D.N.Y. 2000) (Ninfo, J.), Judge Skretny interpreted this statutory language to provide, in section 3212(b)(2), an "unlimited exemption" for the proceeds of a life insurance policy owned by one spouse on the life of the other, insulating the cash surrender value of such a policy "not only from the creditors of the insured, but also from

the creditors of the beneficiary/owner of the policy." *Teufel*, 2002 WL 33008689, at *4. However, under section 3212(b)(1), the proceeds of a life insurance policy owned by one spouse on his or her own life and payable to the other spouse as beneficiary (like each of the policies at issue here) are insulated "only as against the creditors of the insured," and not against the creditors of the beneficiary. *Id.* Accordingly, Judge Skretny ruled in *Teufel* that in the context of a joint Chapter 7 filing, where each of the co-debtor spouses had purchased a life insurance policy on his or her own life and had designated the other spouse as the beneficiary, the provisions of N.Y. Insurance Law § 3212 do not provide an exemption for the cash surrender value of the policy as against the creditors of the beneficiary. As a result, the court found that the bankruptcy estate was entitled to the cash surrender value of the policy as a non-exempt asset of the beneficiary. *Id.* at *5-*6.

This holding is in accord with prior decisions within the Second Circuit interpreting the language of section 3212(b) and its precursors. *See, e.g., In re Rundlett*, 153 B.R. 126, 129 (S.D.N.Y. 1993) (section 3212(b)'s exemption for life insurance proceeds "turns on by whom the policy was effected. If the insured 'effects' a policy on his or her own life naming a spouse or other third person as beneficiary, the life insurance proceeds are only exempt from the creditors of the insured and not the creditors of the beneficiary. However if a beneficiary 'effects' insurance on his or her spouse, the proceeds also will be exempt from the spouse-beneficiary's creditors."); *In re Bifulci*, 154 F. Supp. 629, 631 (S.D.N.Y. 1957) (under precursor statue, where husband takes out insurance on his own life and names his wife as beneficiary, but does not assign policy to her, proceeds are exempt from

husband's creditors, but not exempt from wife's creditors, even if policy was taken out at instigation of wife).[1]

Judge Skretny specifically noted that the *Teufel* decision was "intended to resolve the underlying exemption issue, and thereby eliminate further controversy" regarding the conflicting bankruptcy court rulings within the Western District of New York. *Id.* at *2. Indeed, in *In re Trautman*, 296 B.R. 651 (Bankr. W.D.N.Y. 2003), Bankruptcy Judge Carl L. Bucki explicitly recognized that the holding in *Teufel* "effectively overruled" his prior decision in *In re Polanowski* "with regard to its holding on the exempt status of a policy of life insurance that a debtor effects on his or her own life for the benefit of a co-debtor spouse." *In re Trautman*, 296 B.R. at 654.

This court finds no reason to question the reasoning of *Teufel*, which clearly applies to the undisputed facts and circumstances presented on this appeal. Here, as in *Teufel*, the co-debtor spouses filed a joint Chapter 7 petition and claimed an exemption for life insurance policies which each spouse purchased on his or her life for the benefit of the other spouse. Under the statutory language of New York Insurance Law § 3212(b)(1), the cash surrender value of each policy is protected only "as against the creditors . . . of the person effecting the insurance . . . ," and not against the creditors of the beneficiary. The analysis and decision in *Teufel* has fully addressed and effectively eliminated any remaining conflict with regard to bankruptcy court rulings on this issue within the Western

---

[1] As noted by Judge Skretny in *Teufel*, the bankruptcy court's decision in *In re Rundlett* suggests a practical solution which might allow joint debtors to take full advantage of the section 3212(b)(2) exemption. *Teufel*, 2002 WL 33008689, at *6 (*citing In re Rundlett*, 142 B.R. 649, 654 (Bankr. S.D.N.Y. 1992) (holding that "when a husband assigns a life insurance policy on his life to his wife, he is deemed to have acted as her agent so that she should be regarded as having caused or effected the policy, with the result that the proceeds, including the cash surrender value, are exempt from the wife's creditors."), *aff'd*. 153 B.R.126 (S.D.N.Y. 1993)).

District of New York, and this court declines appellants' invitation to reopen the controversy.

## **CONCLUSION**

For the foregoing reasons, this court affirms the May 26, 2006 order of the Bankruptcy Court, Western District of New York, in case No. 05-92936MJK disallowing the appellants' claimed exemption as to the cash surrender value of the four life insurance policies at issue. The court directs that the matter be remanded to the Bankruptcy Court, Western District of New York, for further proceedings consistent with this decision.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: November  20 , 2006
p:\opinions\06-421.nov806